WILLIAM G. HANS AND MARLENE A. HANS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hans v. Commissioner
Docket No. 9436-91
United States Tax Court
T.C. Memo 1992-109; 1992 Tax Ct. Memo LEXIS 130; 63 T.C.M. (CCH) 2175; T.C.M. (RIA) 92109; February 24, 1992, Filed *130 An order of dismissal for lack of jurisdiction will be entered. John Cornetet, for petitioners.
Roderick Fillinger, for respondent. DAWSON, BUCKLEY
DAWSON
DAWSON, Judge: This case was assigned to Special Trial Judge Helen A. Buckley pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] After a review of the record, we agree with and adopt her opinion which is set forth below.
OPINION OF THE SPECIAL TRIAL JUDGE
BUCKLEY, Special Trial Judge: This case is before us on respondent's motion to dismiss for lack of jurisdiction.
Petitioners resided in Cincinnati, Ohio, when they filed their petition herein. Respondent determined a deficiency of $8,821 in petitioners' 1988 Federal income taxes and an addition to tax of $2,040.25 pursuant to section 6661. Respondent mailed a notice of deficiency to petitioners on *131 February 6, 1991, at 6519 Heritage Circle, West Bloomfield, Michigan 48322. Postal Service records indicate that the notice was mailed on February 6, 1991, by certified mail to the West Bloomfield address and was then forwarded to petitioners at 506 Canvas Back Circle, Springdale, Ohio 45246 (hereafter the Canvas Back Circle address) on February 14, 1991. On that same date petitioner William G. Hans signed a receipt for the delivery of the deficiency notice. The petition was filed in this Court on May 16, 1991, in an envelope with a postal service stamped date of May 13, 1991. These two dates are 99 days and 96 days, respectively, after the mailing date of the deficiency notice.
Petitioners argue that the deficiency notice was invalid in that it was not sent to petitioners' last known address. In support of their position, they have placed in the record copies of two letters sent to the Internal Revenue Service by Loyd Carl Goodine, under power of attorney of petitioners, which set forth petitioners' Canvas Back Circle address. One of these letters is dated December 6, 1990; the other, dated January 28, 1990, refers to a notice from the Internal Revenue Service dated January 25, *132 1991. Respondent contends that these letters do not appear in his files and disputes that they were sent by Mr. Goodine or received by the Internal Revenue Service. In our view, we need not decide whether these letters noting the Canvas Back Circle address were mailed to and received by respondent prior to the mailing of the deficiency notice. The important fact is that petitioners had actual receipt of the deficiency notice by February 14, 1991, some eight days after its mailing.
The jurisdiction of this Court is invoked by a taxpayer by filing a petition within 90 days after respondent mails the taxpayer a notice of deficiency. Sec. 6213(a); . A valid notice of deficiency and a timely petition are essential to our jurisdiction, and we must dismiss any case in which one or the other is not present. . Under the "safe harbor" provisions of section 6212(b)(1), a notice of deficiency will be deemed valid, even if the taxpayer never receives it, if respondent mails the notice to the taxpayer's "last known address". However, where the deficiency notice is not *133 mailed to the last known address, it is nevertheless valid from the date of its mailing if the taxpayer receives it with sufficient time remaining to prepare and file a timely petition. , affg. ; ; .
We find that petitioners were not prejudiced by the fact that the notice was sent to West Bloomfield. Even assuming that it was an imporperly addressed notice, petitioners had it within their hands some eight days after its mailing. Petitioners' arguments rely upon the geographical difficulties they faced with some records in Michigan while they were in Ohio. Any delay, even assuming arguendo it arose through respondent's failure to properly address the notice, did not serve to prejudice them in filing their petition in a timely manner.
We find that the notice of deficiency is valid. Accordingly, we will grant respondent's motion to dismiss this case since the petition was not timely filed. An order of dismissal for lack of jurisdiction will *134 be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue; and all Rule references are to the Tax Court Rules of Practice and Procedure.↩